**FIFTH DIVISION**
**BROWN, C. J.,**
**RICKMAN, P. J., and MERCIER, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.gov/rules

June 30, 2026

# In the Court of Appeals of Georgia

A26A0620. MAAT CONCEPTS, INC. et al. v. FULTON COUNTY.

BROWN, Chief Judge.

Appellants Maat Concepts, Inc., Kentavious D. Collins, and Carson Wealth Investments, LLC (collectively, "Appellants") purchased three separate tax deeds pursuant to tax sales conducted by the Sheriff of Fulton County ("Sheriff") on behalf of a third-party transferee and lien holder. After the funds from the tax sales had been disbursed by the Sheriff, the deeds were voided. Appellants then filed this instant petition for declaratory judgment against Fulton County seeking return of their purchase price. Appellants appeal from the trial court's order granting Fulton County's motion for summary judgment and dismissing the petition for declaratory judgment on sovereign immunity grounds. For the following reasons, we affirm the

trial court's dismissal of the petition for declaratory judgment. However, because the trial court's dismissal was with prejudice, we vacate that portion of the trial court's judgment, and remand the case with direction to clarify that the dismissal was for lack of subject matter jurisdiction, and is thus without prejudice.

As the nonmovant on summary judgment, we construe the facts in favor of Appellants. *City of Savannah v. Herrera*, 343 Ga. App. 424, 425 n.4 (808 SE2d 416) (2017). However, Appellants "bear the burden to establish a waiver of sovereign immunity." *Gatto v. City of Statesboro*, 353 Ga. App. 178, 178 (834 SE2d 623) (2019) (punctuation omitted). Our review is de novo. Id.

*History of the Subject Property.* This case involves tax sales of condominiums located on the 40th floor of 1280 W. Peachtree St. N.W. in Atlanta. In mid-2018, the relevant condos were commonly known as Unit 4006, Unit 4007, and Unit 4008 and were owned by the same entity, TXO Investment Group, LLC. Each of these units was assigned their own separate tax parcel number.[1] In the fall of 2018, TXO Investments consolidated Units 4006, 4007, and 4008 into a new condominium unit

---

[1] Unit 4006 was assigned Fulton County Tax Parcel No. 17-0108-0008-510-5, Unit 4007 was assigned Fulton County Tax Parcel No. 17-0108-0008-511-3, and Unit 4008 was assigned Fulton County Tax Parcel No. 17-0108-0008-512-1.

called New Unit 4002. A revised condominium floor plan was then recorded and New Unit 4002 was assigned a new tax parcel identification number.[2] The Fulton County Tax Assessor then "retired" the tax parcel numbers formerly assigned to Units 4006, 4007, and 4008.

TXO Investment Group failed to pay the 2018 ad valorem taxes on Units 4006, 4007, and 4008. On February 7, 2019, TXO Investment Group sold New Unit 4002 to Sharon Davies. Davies did not discover the unpaid taxes prior to closing and thus, they remained unpaid. In early 2019, tax liens issued for the unpaid 2018 taxes against Units 4006, 4007, and 4008. Investa Services, LLC purchased liens for the unpaid ad valorem taxes on Units 4006, 4007, and 4008. In June 2022, Davies sold New Unit 4002 to David Marvin Sheltraw. Again, the 2018 ad valorem taxes went unpaid.

*The Tax Sales.* In August 2023, Investa presented the tax liens for Units 4006, 4007, and 4008 to the Sheriff for levy and execution. The Sheriff determined that the tax liens were facially valid and procured a title report. Although the title report raised concerns with the existence of the condo units, both the liens presented by Investa and the title report listed TXO Investment Group as the defendant in fi. fa. and the record

---

[2] New Unit 4002 was assigned Fulton County Tax Parcel No. 17-010800085063.

title holder. Investa was made aware of the concerns from the title report, and Investa directed the Sheriff to proceed with the sales.

On August 1, 2023, the Sheriff sold Units 4006 and 4008 at a tax sale to appellant Maat Concepts, Inc. for $36,000 each. Maat Concepts, Inc. subsequently transferred an interest in the tax deed for one of the condos to appellant Collins. On August 1, 2023, the Sheriff sold Unit 4007 to appellant Carson Wealth Investments, LLC for $31,000. In total, Appellants spent $103,000 on the tax deeds. The purchase price for each of the three tax deeds exceeded the "minimum bid" for the respective properties. The Sheriff remittted to Investa the amount of money collected from the sales necessary to fully satisfy its liens.

*The 2025 Quiet Title Action*. On April 3, 2024, Sheltraw sold New Unit 4002 to Black Beehive, LLC. Black Beehive, LLC financed the purchase with a purchase money loan from Flint Community Bank. On June 21, 2024, Flint Community Bank, as the security deed holder in New Unit 4002, filed an action to quiet title to the property.[3] The trial court's final order voided the tax sales on the grounds that the notice of the tax sales was constitutionally defective and because Units 4006, 4007,

---

[3] The Fulton County Tax Commissioner and the Fulton County Sheriff's Office were dismissed from the action.

and 4008 were sold as the property of someone other than the actual title holder. The tax sales were then cancelled, Investa's tax liens were reinstated, and Flint Community Bank was directed to pay the liens.

*The Instant Action.* On March 24, 2025, appellants Maat Concepts, Inc., Carson Wealth Investments, LLC, and Collins filed a petition for declaratory judgment against Fulton County, seeking a declaration ordering Fulton County to reimburse them for their collective purchase price for the void tax deeds.

Appellants filed a motion for summary judgment. Fulton County filed a cross-motion for summary judgment, arguing, in part, that Appellants' lawsuit was barred by the doctrine of sovereign immunity. After a hearing, the trial court denied Appellants' motion for summary judgment, granted Fulton County's cross-motion for summary judgment, and dismissed the petition with prejudice. In its order, the trial court held that Appellants had not established a waiver of Fulton County's sovereign immunity.

1. Appellants argue that the trial court erred by holding that waiver of sovereign immunity under Article I, Section II, Paragraph V of the Georgia Constitution

("Paragraph V") was not established in this case because Appellants did not set forth a valid claim for declaratory judgment. We disagree.

Sovereign immunity is a threshold jurisdictional issue. *Ga. Ass'n of Prof. Process Servers v. Jackson*, 302 Ga. 309, 311–12(1) (806 SE2d 550) (2017), superseded by statute on other grounds, as stated in *Brock v. Hardman*, 303 Ga. 729, 730(1) (814 SE2d 736) (2018). The "constitutional doctrine of sovereign immunity bars any suits against the State to which it has not given consent." *Starship Enters. of Atlanta v. Gwinnett County*, 319 Ga. 293, 297(2) (903 SE2d 55) (2024) (punctuation omitted). See *Lathrop v. Deal*, 301 Ga. 408, 425(III) (801 SE2d 867) (2017) ("Consent to suit can only be given by [Georgia's] Constitution itself or by an act of the General Assembly."). This doctrine applies to actions against counties, such as Fulton County, as well. *Starship Enters. of Atlanta*, 319 Ga. at 297(2). Waivers of sovereign immunity are to be strictly construed against a finding of a waiver. *Hooks v. Rockdale County*, 373 Ga. App. 48, 50 (907 SE2d 342) (2024). A trial court's order dismissing a petition on sovereign immunity grounds is "reviewed de novo, while factual findings are sustained if there is any evidence supporting them." *Garner v. Clayton County*, 378 Ga. App. 618, 622(3) (926 SE2d 842) (2026) (punctuation omitted).

Appellants' petition for declaratory judgment alleged that sovereign immunity for their claims had been waived under Paragraph V. In 2020, the Georgia Constitution was amended to provide a limited waiver of sovereign immunity "for actions in the superior court seeking declaratory relief from acts of the state," any county, or certain specified state agencies "outside the scope of lawful authority or in violation of the laws or the Constitution of this state or the Constitution of the United States." Ga. Const. of 1983, Art. I., Sec. II, Par. V(b)(1). Paragraph V(b) further provides, in relevant part:

> (1) [s]overeign immunity is further waived so that a court awarding declaratory relief pursuant to this Paragraph may, only after awarding declaratory relief, enjoin such acts to enforce its judgment. Such waiver of sovereign immunity under this Paragraph shall apply to *past, current, and prospective acts* which occur on or after January 1, 2021....[4]

---

[4] Appellants filed suit against Fulton County (and not the Sheriff) pursuant to Paragraph V(b)(2)'s exclusivity provision, which provides that actions filed pursuant to Paragraph V "shall be brought *exclusively* against such county ... in the name of such county.... Actions filed pursuant to [Paragraph V] naming as a defendant any individual, officer or entity other than as expressly authorized under this paragraph *shall be dismissed*." Ga. Const. of 1983, Art. I., Sec. II, Para. V(b)(2) (emphasis added). See *State v. SASS Group*, 315 Ga. 893, 897(II) (885 SE2d 761) (2023).

(4) No damages, attorney's fees, or costs of litigation shall be awarded in an action filed pursuant to this Paragraph, unless specifically authorized by Act of the General Assembly.

Id. at (b)(1),(4) (emphasis added).

The trial court concluded that sovereign immunity was not waived under Paragraph V in this case because the Appellants did not set forth a valid claim for declaratory judgment. Under the Declaratory Judgment Act (the "Act"), the courts of this State are authorized to "declare rights and other legal relations of any interested party petitioning for such declaration in cases of actual controversy and in any civil case in which the ends of justice so require." *Cobb County v. Floam*, 319 Ga. 89, 96(2) (901 SE2d 512) (2024) (citation modified), quoting OCGA § 9-4-2(a),(b)). "Although the Act is to be 'liberally construed and administered,' the text of the Act also plainly states that its purpose 'is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations[.]'" Id. at 96(2), citing OCGA § 9-4-1.

"The Act is not meant to enforce accrued rights, as the Act does not replace existing remedies." *Republican Nat'l Comm. v. Eternal Vigilance Action, Inc.*, 321 Ga. 771, 790–91(2) (917 SE2d 125) (2025). Instead, the purpose of the Act "is to remove

the cloud of uncertainty with regard to the propriety of some *future* act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest." Id. at 791(4) (punctuation omitted; emphasis added), quoting *Baker v. City of Marietta*, 271 Ga. 210, 214(1) (518 SE2d 879) (1999).[5] Indeed, Georgia case law has "repeatedly rejected claims for declaratory judgment when a declaration of rights would not direct the plaintiff's *future* conduct or involved only a determination of rights that had already accrued." *Floam*, 319 Ga. at 97–98(2) (collecting cases). Accord *Republican Nat'l Comm.*, 321 Ga. at 790–92(4) ("The Act is not meant to enforce accrued rights, as the Act does not replace existing remedies.").

Applying that framework here, we conclude that Appellants' petition is insufficient to support a claim for declaratory relief. Appellants' petition seeks a judgment declaring that, as the holders of void tax deeds, they are "entitled to a return

---

[5] In one of the first cases interpreting the Act, the Supreme Court of Georgia observed that the Act was designed "to give additional protection to persons who may become involved in an actual justiciable controversy, in that they differ between themselves as to what their rights are, and who wish to find them out before taking some dangerous step which might or might not be authorized." *Shippen v. Folsom*, 200 Ga. 58, 68(1) (35 SE2d 915) (1945).

of the monies spent for a void deed."[6] The only relief sought in the complaint is reimbursement of the purchase price of the void tax deeds. Appellants' petition has not presented any uncertainty regarding their future conduct and it does not seek a declaration to guide their future conduct. See *Floam*, 319 Ga. at 96-97(2). Compare *State v. Dovetel Communications, LLC*, 322 Ga. 635, 639(2) (921 SE2d 374) (2025) (Paragraph V's waiver of sovereign immunity for declaratory actions challenging unlawful government conduct applied to petitioner's action seeking a declaration of rights regarding future actions under their existing contract with the State). The only "prospective" injury that Appellants allege is that they are still without the money they expended at the tax sales and the only uncertainty they face is that they do not know how they can recover their purchase funds.

Because Appellants are seeking damages for rights that have already accrued and they do not seek clarification of their rights for future actions, their claim falls squarely outside of what may be provided for by declaratory judgment. See *City of Atlanta v. MLK Props., LLC*, 372 Ga. App. 210, 215–16(2)(a) (904 SE2d 79) (2024)

---

[6] Appellants cite to Georgia case law for the assertion that a purchaser of a void tax deed is entitled to a return of the purchase price. See *Harpagon Co., LLC v. Freeman*, 281 Ga. 531, 532(1) (640 SE2d 268) (2007); *Clarence L. Martin, P. C. v. Wallace*, 248 Ga. App. 284, 289(1) (546 SE2d 55) (2001).

(no sovereign immunity waiver under Paragraph V where declaratory judgment sought relief from alleged wrongful acts having already occurred and was thus merely "attempting to enforce rights that had already accrued"). Stated another way, even though Appellants have styled their action as one for declaratory judgment, upon examination, it is a claim for damages. See *S. Heritage Ins. Co. v. Greene Ins. Agency*, 249 Ga. App. 749, 750(1) (549 SE2d 743) (2001) ("[I]t is axiomatic that damages may not be recovered in a declaratory judgment action."). To the extent that Appellants' petition could be construed as seeking to ensure certainty regarding Fulton County's future actions, declaratory relief is not a means to seek certainty about another party's future actions, only Appellants. See *Lewis v. City of Brunswick*, 375 Ga. App. 56, 61(1) (913 SE2d 755) (2025). Accordingly, the trial court did not err by concluding that Appellants failed to meet their burden of proving a waiver of sovereign immunity.

Contrary to the arguments of Appellants, the holding in *Starship Enters. of Atlanta*, 319 Ga. at 293, does not require a different result. In *Starship Enters. of Atlanta*, petitioners alleged that a 2015 ordinance was unconstitutional and sought relief from prospective acts by the county to enforce the ordinance. 319 Ga. at 294(1). The Supreme Court of Georgia determined that Starship had demonstrated a waiver

11

of sovereign immunity because its petition alleged that it sought relief from the county's "prospective acts of enforcement" of Starship's future conduct under that ordinance. Id. at 301(2)(b). Unlike the petitioners in *Starship Enterps. of Atlanta*, Appellants in this case have failed to allege that they seek relief from the County's prospective acts that would impact their future conduct. See *Perdue v. Barron*, 367 Ga. App. 157, 164(2) (885 SE2d 210) (2023) (the relief petitioner sought was not available through declaratory judgment because the "actions about which [petitioner] claims uncertainty have already occurred").

2. Appellants argue that the trial court erred in dismissing their petition with prejudice. We agree.

Here, the trial court dismissed Appellants' petition for declaratory judgment on the basis that it was barred by sovereign immunity. A motion seeking dismissal of a claim based upon sovereign immunity arises from "the trial court's lack of subject-matter jurisdiction, rather than the merits of the plaintiff's claim." *Fraser v. Glynn County*, 377 Ga. App. 662, 669(1)(c) (922 SE2d 825) (2025). Because the trial court "dismissed the action based on a lack of subject matter jurisdiction, the dismissal is without prejudice." Id. Accordingly, we vacate the court's order dismissing the

petition to the extent it was with prejudice, and "remand the case to the trial court with instructions to clarify that the dismissal was without prejudice." Id., citing *Publix Super Market, Inc. v. Rockdale County*, 375 Ga. App. 94, 99–100(b) (913 SE2d 851) (2025).

3. As a result of our holding in Division 1, we need not address Appellants' remaining enumerations of error.

*Judgment affirmed in part, vacated in part, and remanded with direction. Rickman, P. J., and Mercier, J., concur.*